Cunningham, Presiding Judge.
This was an action brought by the defendant in error to recover a commission which it claimed on account of having sold a tract of land belonging to the plaintiff in error. There was, on the trial, practically no conflict in the evidence, and so far as there was a conflict, the same was resolved in favor of the defendant in error. Stripped o-f all immaterial features, the record shows that plaintiff in error listed certain lands which he owned in Rio Grande county, with a real estate agent by the name of Smith, after which he, plaintiff in error, removed to California. Under plaintiff- in error’s arrangement with Smith, the land was to be sold by the latter for $92.50 an acre, $2.50 an acre to. be retained by Smith as his commission. Smith, without the authority of plaintiff in error, entered into an arrangement with the Investment Company whereby if the Investment Company found a purchaser for the land, it should pay to Council $90 per acre net, to Smith $2.50 per acre, and retain for its services whatever it was *285 able to sell the land for, over and above $92.50 per acre. The Investment Company succeeded in finding a buyer willing to take the land at $100 per acre, and accordingly an agreement of purchase and sale was entered into with the prospective purchaser, subject, of course, to Council’s approval. The contract was forwarded to Council, then living in California, and he was, at the same time, fully advised of Smith’s arrangement with the Investment Company, and of the amount which the Investment Company would claim as its commissions, if the sale went through, to-wit, $7.50 per acre, by his local agent, Smith, the' local bank with which the papers were deposited, and by .a Mr. Breckenridge, who was jointly interested with Council in the land sold. Possessed of this information, without protest of any sort, Council signed the contract of purchase and returned the same to Colorado, whereupon the deal was closed, the buyer paying the money over for thé land. Thereupon, Council paid Smith $2.50 per acre as his compensation, but repudiated in toto the claim of the Investment Company, insisting that he had made no contract with and was in no manner obligated to it. In other words, plaintiff in error appears to take the untenable position that he can take advantage of that part of Smith’s agreement with the Investment Company favorable to- himself, and repudiate the remainder; that he can make a profitable and satisfactory sale to. a customer produced by the Investment Company, with full knowledge of the terms of the contract or agreement which the Investment Company had made with his local agent, Smith, and knowing what the Investment Company would claim by way of commissions for making the sale, and still ignore such claim.
Under any circumstances of which we can conceive, this would be inequitable, but under the circumstances of the present case it would be peculiarly unjust, since the record discloses that the customer to whom the land was sold had been brought from a distant state by the Investment Company, at heavy expense to itself, and a sale had been made to this cus *286 tomer at a price which netted plaintiff in error something more than $3,000 in excess of what he had offered to sell the land for shortly prior to the time Smith interested plaintiff in it.
The judgment of the trial court is affirmed

Judgment Affirmed.